# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

UNITED STATES OF AMERICA,

        Plaintiff,

    v.

LEO JAMES CHAPLIN,

        Defendant.

Case No. 3:19-cr-00121-SLG

**ORDER REGARDING MOTION FOR JUDICIAL NOTICE (*STROTHER V. STATE*)**

Before the Court at Docket 89 is the government's Motion In Limine for Judicial Notice That Each Parent Has a Right to Physical Custody of the Child in Alaska. Defendant Leo James Chaplin filed a limited opposition at Docket 96. With leave of the Court, the government filed a reply at Docket 104.

In this case, Mr. Chaplin is charged with one count of International Parental Kidnapping.[1] The government seeks an order taking judicial notice "that each parent has a right to physical custody of their child under Alaska law, absent a court order stating otherwise."[2] In support of this assertion, the government cites to *Strother v. State*, a 1995 Alaska Court of Appeals case that stated—in the context of interpreting an Alaska statute criminalizing custodial interference—that "[u]ntil a court orders otherwise, each parent has a right to physical custody of the child."[3] The government's reply clarifies that this is

---

[1] Docket 9.

[2] Docket 89 at 1.

[3] 891 P.2d 214, 223 (Alaska App. 1995).

the only issue the instant motion requests the Court to judicially notice.[4]

Mr. Chaplin does not oppose the Court taking "judicial notice of any provision of Alaska law which may bear on the elements of the crime charged."[5]

Federal Rule of Evidence 201(b) allows a court to judicially notice "a fact that is not subject to reasonable dispute" because it "is generally known within the trial court's territorial jurisdiction" or it "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." The Court will take judicial notice of *Strother v. State*, but only as being conditionally relevant.[6] To obtain a conviction in this case, the government must prove beyond a reasonable doubt that Mr. Chaplin had "the intent to obstruct the lawful exercise of parental rights" by the children's mother.[7] "Parental rights" are defined in the federal statute as "the right to physical custody of the child" that arises "*by operation of law*, court order, or legally binding agreement of the parties."[8] Thus, *Strother* is not relevant in this case unless the government establishes that Alaska law is

---

[4] It was unclear from the government's motion whether it also sought to have the Court take judicial notice that the children's mother had custodial rights to her children. *See* Docket 89 at 2. The government's reply clarifies that it did not intend the Court to judicially notice such a fact. Docket 104 at 2.

[5] Docket 96 at 1.

[6] *See Fridman v. City of New York*, 183 F. Supp. 2d 642 (S.D.N.Y. 2002) (taking judicial notice of two state court opinions because their existence and text were not reasonably subject to dispute and were capable of ready and accurate determination).

Rule 104(b) states that "[w]hen the fact of relevance of evidence depends on whether a fact exists, proof must be introduced sufficient to support a finding that the fact does exist. The court may admit the proposed evidence on the condition that the proof be introduced later."

[7] Docket 9; 18 U.S.C. § 1204(a).

[8] 18 U.S.C. § 1204(b)(2) (emphasis added).

Case No. 3:19-cr-00121-SLG, *United States v. Chaplin*
Order Re Judicial Notice (*Strother v. State*)
Page 2 of 3

the "operation of law" applicable here, an issue that Mr. Chaplin disputes.[9]

In light of the foregoing, the motion at Docket 89 is GRANTED to the extent that the Court will take judicial notice of *Strother v. State* but only as being conditionally relevant at this time.

DATED this 18th day of December, 2020, at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
UNITED STATES DISTRICT JUDGE

---

[9] Docket 96 at 2–3.

Case No. 3:19-cr-00121-SLG, *United States v. Chaplin*
Order Re Judicial Notice (*Strother v. State*)
Page 3 of 3
Case 3:19-cr-00121-SLG-DMS   Document 105   Filed 12/18/20   Page 3 of 3