# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| v. | |
| LEO JAMES CHAPLIN, | Case No. 3:19-cr-00121-SLG |
| Defendant. | |

## ORDER REGARDING STATE COURT ORDERS

Before the Court at Docket 85 is the government's Motion In Limine to Admit / 404(b) Notice of Evidence of Defendant's Defiance of State Court Orders. Defendant Leo James Chaplin filed a non-opposition at Docket 92.

Mr. Chaplin is charged with one count of International Parental Kidnapping.[1] The government seeks an order allowing it "to present evidence at trial that the defendant previously defied Alaska state court orders to appear at custody proceedings and to return his children from the Philippines to Alaska."[2] The government maintains that this evidence is admissible pursuant to Federal Rule of Evidence 404(b) to show intent, knowledge, motive, and absence of mistake and that it is not excludable pursuant to Rule 403.[3]

Mr. Chaplin responds that he does not object to the admission of this evidence,

---

[1] Docket 9.

[2] Docket 85 at 1.

[3] Docket 85 at 6, 10–12.

but that "the evidence sought to be admitted appears to be directly probative of the government's allegations, as opposed to evidence of some 'other' act introduced for a listed, non-propensity purpose" in Rule 404(b).[4] The Court agrees that this evidence is relevant to the charged conduct because it has a tendency to make a fact of consequence "more or less probable than it would be without the evidence."[5]

The Court also finds that the evidence is admissible pursuant to Rule 404(b), which prohibits the use of "[e]vidence of any other crime, wrong, or act" to prove a person's character to "show that on a particular occasion the person acted in accordance with the character" but allows evidence to prove, *inter alia*, intent, knowledge, motive, and absence of mistake.[6] "Such evidence may be admitted if: (1) the evidence tends to prove a material point; (2) the other act is not too remote in time; (3) the evidence is sufficient to support a finding that defendant committed the other act; and (4) (in certain cases) the act is similar to the offense charged."[7] Here, the evidence meets all four requirements.[8]

The Court also finds that the probative value of the evidence is not substantially outweighed by a danger of "unfair prejudice, confusing the issues, misleading the jury,

---

[4] Docket 92 at 1.

[5] Fed. R. Evid. 401. *See generally United States v. Vizcarra-Martinez*, 66 F. 3d 1006, 1012-13 (9th Cir. 1995) (describing when evidence is inextricably intertwined with charged conduct).

[6] Fed. R. Evid. 404(b) (as amended 2020, effective Dec. 1, 2020).

[7] *United States v. Cox*, 963 F.3d 915, 924 (9th Cir. 2020) (quoting *United States v. Bailey*, 696 F.3d 794, 799 (9th Cir. 2012)).

[8] The evidence is relevant to the material issue of whether Mr. Chaplin intended to obstruct the lawful exercise of parental rights by the children's mother. The evidence falls within the time period alleged in the Indictment. The state court records support a finding that Mr. Chaplin committed the other acts. Finally, the prior acts are similar to the offense charged in that they are efforts to keep the children in the Philippines instead of returning them to their mother in Alaska.

Case No. 3:19-cr-00121-SLG, *United States v. Chaplin*
Order Re State Court Orders
Page 2 of 3
Case 3:19-cr-00121-SLG-DMS   Document 106   Filed 12/29/20   Page 2 of 3

undue delay, wasting time, or needlessly presenting cumulative evidence," particularly because trial will be to the Court and not to a jury.[9]

In light of the foregoing, the Court intends to allow the government to present evidence of the prior acts at trial. The motion at Docket 85 is GRANTED.

DATED this 29th day of December, 2020, at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
UNITED STATES DISTRICT JUDGE

---

[9] Fed. R. Evid. 403.

Case No. 3:19-cr-00121-SLG, *United States v. Chaplin*
Order Re State Court Orders
Page 3 of 3
Case 3:19-cr-00121-SLG-DMS   Document 106   Filed 12/29/20   Page 3 of 3