# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>  v.<br><br>LEO JAMES CHAPLIN,<br><br>    Defendant. | Case No. 3:19-cr-00121-SLG |

## ORDER REGARDING MOTION IN LIMINE FOR JUDICIAL NOTICE OF ALASKA SUPERIOR COURT RECORDS

Before the Court at Docket 87 is the government's Motion in Limine for Judicial Notice of State of Alaska Superior Court Records. Defendant Leo James Chaplin filed a limited opposition at Docket 94. With leave from the Court, the government filed a reply at Docket 100-1.

The government seeks an order taking judicial notice of state court documents entered in *Mechelle Chaplin v. Leo James Chaplin* and twelve facts derived from those documents.[1] Mr. Chaplin opposes judicial notice because, according to him, the government makes "various conclusory allegations which are not supported by the documents provided," there is no foundation for the documents, and the documents are "subject to other objections to admission."[2]

---

[1] Docket 87 at 6 (citing State of Alaska Superior Court in the Third Judicial District of Anchorage case number 3AN-15-04916CI).

[2] Docket 94 at 1.

Mr. Chaplin does not identify his other objections to the documents. The government's reply clarifies that is not seeking to have the Court adopt the state court's findings, but only to judicially notice the fact that the state court orders were issued.[3]

Federal Rule of Evidence 201 allows a court to take judicial notice of "a fact that is not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." The existence of the state court records at issue here is not subject to reasonable dispute.[4] However, the documents submitted by the government are not authenticated. Before the documents will be admitted as exhibits or judicially noticed, the government will need to authenticate the records pursuant to the Federal Rules of Evidence unless the defense stipulates to their authenticity.[5]

The Court conditionally grants the motion for judicial notice as follows: Assuming that the documents are authenticated or the defense will so stipulate, the Court will take judicial notice of the Alaska state court documents filed at Docket 87-1 to the extent that it will notice the dates and types of documents and

---

[3] Docket 100-1.

[4] *See Doe v. Mann*, 415 F.3d 1038, 1040 n. 3 (9th Cir. 2005) (taking appellate judicial notice of child adoption records from state court proceedings); *U.S. ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992) (explaining that a court "may take [judicial] notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue") (citation omitted); *Kasey v. Molybdenum Corp. of America*, 336 F.2d 560, 563 (9th Cir. 1964) (federal courts may take judicial notice of state court records).

[5] *See, e.g.,* Federal Rule of Evidence 902.

Case No. 3:19-cr-00121-SLG, *United States v. Chaplin*
Order Re Motion In Limine for Judicial Notice of Alaska Superior Court Records
Page 2 of 3
Case 3:19-cr-00121-SLG-DMS   Document 122   Filed 01/15/21   Page 2 of 3

the fact of the orders by the state court (*e.g.,* on January 6, 2016, the state court ordered Mr. Chaplin to return the children to the United States by January 31, 2016[6]).  However, the Court will not take judicial notice of any of the state court's findings of fact within those orders (*e.g.*, that "there is evidence of stability with their mother as the primary caretaker"[7]).  The Court will also not take judicial notice of information entered into the log notes ("Summary of Proceedings") entered in the state court.  Absent a stipulation, a party that seeks to have the *content* of any state court proceeding judicially noticed must obtain the audio recording and/or an official transcript of the relevant state court hearing.  This would apply to proving whether Mr. Chaplin was or was not present for specific court hearings, either physically or telephonically.

In light of the foregoing, IT IS ORDERED that the motion at Docket 87 is GRANTED as set forth in this order.  The parties are directed to meet and confer about court documents from Alaska and the Philippines and notify the Court of any stipulations as to the admissibility of those court documents.

DATED this 15th day of January, 2021, at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
UNITED STATES DISTRICT JUDGE

---

[6] Docket 87-1 at 13–14.

[7] Docket 87-1 at 12.

Case No. 3:19-cr-00121-SLG, *United States v. Chaplin*
Order Re Motion In Limine for Judicial Notice of Alaska Superior Court Records
Page 3 of 3